**Docket No. 17-55944**

_____

_____

IN THE

## UNITED STATES CIRCUIT COURT OF APPEALS

FOR THE

## NINTH CIRCUIT

_____

FRESHTA Y. NAYAB

Plaintiff – Appellant,

v.

CAPITAL ONE BANK (USA), N.A.

Defendant – Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Case No. 3:16-cv-03111-CAB-MDD – Honorable Cathy Ann Bencivengo

_____

### APPELLANT'S OPENING BRIEF

_____

Alex Asil Mashiri, Esq.
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Dr. #500694
San Diego, CA 92150
Tel: (858) 348-4938
Fax: (858) 348-4939
Attorney for Appellant

Tamim Jami, Esq.
**THE JAMI LAW FIRM P.C.**
3525 Del Mar Heights Rd #941
San Diego, CA 92130
Tel: (858) 284-0248
Fax: (858) 284-0977
Attorney for Appellant

# TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES……………………………….…..…...………iv

I.     JURISDICTIONAL STATEMENT……………………..…………..1

     A.     Basis For The District Court's Jurisdiction…………….……..1

     B.     Basis For The Court Of Appeals Jurisdiction……………...…..1

II.     STANDARD OF REVIEW……………………………………………1

     A.     Standard of Review for Dismissal Under Rule 12(b)(1)......................1

     B.     Standard of Review for Dismissal Under Rule 12(b)(6)......................1

III.     ISSUES PRESENTED………………….…….……………….…………2

IV.     PRIMARY AUTHORITY…………………………………………...2

     A.     Article III, Section 2 of the United States Constitution……………..2

     B.     15 U.S.C. Code § 1681b (Permissible purposes of consumer reports) of the Fair Credit Reporting Act…………………………………3

V.     SUMMARY OF ARGUMENT…………………………………..……..7

VI.     STATEMENT OF THE CASE……………………………….…10

VII.     ARGUMENT……………………………………...………………………12

     A.     The Judgment Should Be Reversed Because Contrary to the District Court's Holding, Appellant Has Article III Standing To Bring A Claim Under The FCRA…………………………………..12

         1.     Applicable Law Regarding Article III Standing......................12

# TABLE OF CONTENTS (continued)

PAGE(S)

2.     Appellant Has Article III Standing Because an Invasion of Privacy is a Harm that has Traditionally Been Regarded as Providing a Basis for a Lawsuit in English or American Courts and, it is a Harm Identified by Congress who has Expressed an Intent to Make this Injury Redressable when it Enacted 15 U.S.C. Section 1681b of the FCRA…………..……………15

     a.     Invasion of Privacy is a Harm that has Traditionally Been Regarded as Providing a Basis for a Lawsuit in English or American Courts............................................................16

     b.     Invasion of Privacy is a Harm Identified by Congress Who Has Expressed an Intent to Make this Injury Redressable When it Enacted 15 U.S.C. Section 1681b of the FCRA............................................................17

     c.     The District Court's Remaining Argument that Appellant Lacked Article III Standing is Meritless.......................21

B.     The Judgment Should Be Reversed Because Contrary To The District Court's Holding, Appellant Sufficiently Stated A Claim Under 15 U.S.C. Section 1681b(f) Of The FCRA.........................................23

1.     Applicable Law Relating to 15 U.S.C. Section 1681b..............24

2.     Appellant's First Amended Complaint Sufficiently Alleged that Appellee Obtained Her Credit Report on Numerous Occasions in Violation of 15 U.S.C. Section 1681b(f)...................................25

3.     The Burden of Proof is on the Appellee to Show that it Met an Exception to 15 U.S.C. section 1681b(f)...................................27

     a.     The Burden of Proof is on the Appellee Because The Statutory Exception in 15 U.S.C. section 1681b(a) Benefits the Appellee......................................................30

# TABLE OF CONTENTS (continued)

PAGE(S)

b.    The Burden of Proof is on the Appellee Because it is the Party With Peculiar Knowledge as to Why it Obtained Appellant's Credit Reports……………………………..34

c.    Allocating the Burden of Proof to the Appellee Is Consistent with the FCRA's Remedial Purpose…..……37

4.    To the Extent the Burden of Proof is on Appellant to Show that Appellee Used or Obtained Her Credit Report for an Impermissible Purpose, Appellant Satisfied this Burden…..…..38

VIII.  CONCLUSION…………………………………………………..39

IX.    STATEMENT OF RELATED CASES………………..………………..41

X.    CERTIFICATE OF COMPLIANCE………..…………….………………..41

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Alaska Dep't of Envtl. Conservation v. EPA*,
540 U.S. 461 (2004)……………………………….…………………………..34

*Bell Atlantic Corp. v. Twombly*,
550 US 544 (2007)……………………………………...…………………..27

*Braitberg v. Charter Commc'ns, Inc.*,
836 F.3d 925 (8th Cir. 2016)……………………………….……………….16

*Bultemeyer v. CenturyLink, Inc.*,
2017 WL 634516 (D. Ariz. Feb. 15, 2017)……………...………………..22

*Davidson v. Kimberly-Clark Corporation*,
873 F.3d 1103 (9th Cir. 2017)………………………………….……………….1

*Dixon v. United States*,
548 U.S. 1 (2006)……………………………………………………...………34

*Evankavitch v. Green Tree Servicing, LLC*,
793 F.3d 355 (3d Cir. 2015)………………………29, 32, 33, 34, 35, 37, 38

*Eichenberger v. ESPN, Inc*.,
2017 WL 5762817 (9th Cir. 2017)………………………...……………16, 19

*Federal Trade Commission v. Morton Salt Co.*,
334 U.S. 37 (1948)……………………………………………………….31

*Federal Trade Commission v. Washington Fish & Oyster Co.*,
282 F.2d 595 (9th Cir. 1960)……………………………………..…………31

*Guimond v. Trans Union Credit Info. Co.*,
45 F.3d 1329 (9th Cir. 1995)………………………………………18, 38

*Ingraham v. United States*,
808 F.2d 1075, 1079 (5th Cir. 1987)………………………..…………37

# TABLE OF AUTHORITIES (continued)

**PAGE(S)**

## CASES

*In re Google, Inc. Privacy Policy Litig.*,
2012 WL 6738343 (N.D. Cal. Dec. 28, 2012)………………………………22

*In re Horizon Healthcare Services Inc. Data Breach Litigation*,
846 F.3d 625 (3d Cir. 2017)………………………………………………13, 14, 16

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
996 F. Supp. 2d 942 (S.D. Cal. 2014)……………………………….………22

*Javierre v. Central Altagracia*,
217 U.S. 502 (1910)…………………………………………………....………31

*Kates v. Croker National Bank*,
776 F.2d 1396 (9th Cir.1985)…………………………………………….………38

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
507 U.S. 163 (1993)……………………………………………………....………27

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)…………………………………………………….……..12

*Macpherson v. JPMorgan Chase Bank, N.A.*,
665 F.3d 45 (2d Cir. 2011)……………………………………….…………19

*Mashiri v. Epsten Grinnell & Howell*,
845 F.3d 984 (9th Cir. 2017)……………………………………..………2, 27

*Meacham v. Knolls Atomic Power Lab.*,
554 U.S. 84 (2008)………………………………………………………….31

*Mone v. Dranow*,
945 F.2d 306 (9th Cir. 1991)……………………………………….…19, 25, 37

*Myers v. Bennett Law Offices*,
238 F.3d 1068 (9th Cir. 2001)…………………………………..………18, 20

# TABLE OF AUTHORITIES (continued)

**PAGE(S)**

## CASES

*Nat'l Commc'ns Ass'n Inc. v. AT&T Corp.*,
238 F.3d 124 (2d Cir. 2001)..............................................................35, 37, 38

*Neighbors of Cuddy Mountain v. Alexander*,
303 F.3d 1059 (9th Cir. 2002)......................................................................27

*Novak v. United States*,
795 F.3d 1012 (9th Cir. 2015)……………………………………..…………1

*Purcell v. Bank of Am.*,
659 F.3d 622 (7th Cir. 2011)……………………………………..………19

*Ray v. Clements*,
700 F.3d 993 (7th Cir. 2012)……………………………………….…….35

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007)……………………………………….…...18, 20, 37

*Schaffer ex rel. Schaffer v. Weast*,
546 U.S. 49 (2005)……………………………………………….29, 31

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016)…………………………………………passim

*Syed v. M-I, LLC*,
853 F.3d 492 (9th Cir. 2017)……………………………………1, 20, 21

*TRW Inc. v. Andrews*,
534 U.S. 19 (2001)……………………………………...………18, 37

*United States Dept. of Justice v. Reporters Comm. for Freedom of Press*,
489 U.S. 749 (1989)…………………………………………………..16

*United States v. Barrios*,
457 F.2d 680 (9th Cir. 1970)……………………………………32, 34

**TABLE OF AUTHORITIES** (continued)

**PAGE(S)**

**CASES**

*United States v. Cont'l Ins. Co.,*
  776 F.2d 962 (11th Cir. 1985)……………………………………...…….35

*United States v. Cortez-Rivera*,
  454 F.3d 1038 (9th Cir. 2006)…………………………………………………35

*United States v. Franchi-Forlando*,
  838 F.2d 585 (1st Cir. 1988)……………………………………...……..32, 34

*Van Patten v. Vertical Fitness Group*,
  847 F.3d 1037 (9th Cir. 2017)………………………………………16, 17, 19

*Yang v. Gov't Employees Ins. Co*.,
  146 F.3d 1320 (11th Cir.1998)……………………………….…………..18

*Zamora v. Valley Fed. Sav. & Loan Ass'n*,
  811 F.2d 1368 (10th Cir.1987)……………………………….……..18

**FEDERAL STATUTES**

15 U.S.C. section 1681b………………………………….…………..passim

15 U.S.C. section 1681b(a)…………………….……………………..passim

15 U.S.C. section 1681b(a)(3)(A)…………………………………….....25

15 U.S.C. section 1681b(a)(3)(B)…………………………………….....26

15 U.S.C. section 1681b(a)(3)(C)………………………………...…..26

15 U.S.C. section 1681b(a)(3)(D)……………………………..……...26

15 U.S.C. section 1681b(a)(3)(E)…………………….…………………26

## TABLE OF AUTHORITIES (continued)

**PAGE(S)**

**FEDERAL STATUTES**

15 U.S.C. section 1681b(a)(3)(F)………………………...…………………..26

15 U.S.C. section 1681b(c)……………………………………………..3, 24

15 U.S.C. section 1681b(f)………………...……………………………passim

15 U.S.C. section 1681p………………………………………….……………1

28 U.S.C. section 1291……………………………………………...…….1

28 U.S.C. section 1331……………………………………………...……………..1

**RULES**

Federal Rules of Civil Procedure, Rule 12(b)(1)………………………...….1

Federal Rules of Civil Procedure, Rule 12(b)(6)…………………………..1, 7, 11

**OTHER**

Restatement (Second) of Torts 652A (1977)………………………………………16

# I.    JURISDICTIONAL STATEMENT

This appeal is from an order of the Southern District Court of California, granting Defendant-Appellee's Capital One Bank (USA) N.A.'s Motion to Dismiss Plaintiff-Appellant Freshta Y. Nayab's first amended class action complaint for violations of the Fair Credit Reporting Act.

## A.    **Basis for the District Court's Jurisdiction**

The United States District Court for the Southern District of California had jurisdiction over this case under 28 U.S.C. section 1331 (general federal question) and 15 U.S.C. section 1681p (the Fair Credit Reporting Act).

## B.    **Basis for the Court of Appeals Jurisdiction**

The United States Court of Appeal for the Ninth Circuit has jurisdiction under 28 U.S.C. section 1291.  *Syed v. M-I, LLC*, 853 F.3d 492, 498-99 (9th Cir. 2017).

# II.    STANDARD OF REVIEW

## A.    **Standard of Review for Dismissal Under Rule 12(b)(1)**

A district court's decision to grant a motion to dismiss for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is reviewed de novo. *Davidson v. Kimberly-Clark Corporation*, 873 F.3d 1103, 1109 (9th Cir. 2017) citing *Novak v. United States*, 795 F.3d 1012, 1017 (9th Cir. 2015).

## B.    **Standard of Review for Dismissal Under Rule 12(b)(6)**

A district court's decision to grant a motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure is reviewed de novo. *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017). Questions of statutory interpretation, such as interpretations of the Fair Credit Reporting Act, are also reviewed de novo. *Syed,* 853 F.3d at 499.

### III.  ISSUES PRESENTED

1.  Whether Appellant has Article III standing to bring this case.

2.  Whether Appellant's first amended complaint sufficiently states a claim under 15 U.S.C. section 1681b(f) of the Fair Credit Reporting Act.

### IV.  PRIMARY AUTHORITY

#### A.  <u>Article III, Section 2 of the United States Constitution</u>

The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction. In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make.

The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed; but when not committed within any state, the trial shall be at such place or places as the Congress may by law have directed.

**B.**    **15 U.S.C. Code § 1681b (Permissible purposes of consumer reports) of the Fair Credit Reporting Act[1]**

**(a) In general**

Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

    **(1)** In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

    **(2)** In accordance with the written instructions of the consumer to whom it relates.

    **(3)** To a person which it has reason to believe—

        **(A)** intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

        **(B)** intends to use the information for employment purposes; or

        **(C)** intends to use the information in connection with the underwriting of insurance involving the consumer; or

        **(D)** intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

        **(E)** intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

---

[1] Since 15 U.S.C. section 1681b is a lengthy statute which includes inapplicable provisions, Appellant only included the relevant sections of the statute, namely sections 1681b(a), 1681b(c), and 1681b(f).

(**F**) otherwise has a legitimate business need for the information—

(**i**) in connection with a business transaction that is initiated by the consumer; or

(**ii**) to review an account to determine whether the consumer continues to meet the terms of the account.

(**G**) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

(**4**) In response to a request by the head of a State or local child support enforcement agency (or a State or local government official authorized by the head of such an agency), if the person making the request certifies to the consumer reporting agency that—

(**A**) the consumer report is needed for the purpose of establishing an individual's capacity to make child support payments, determining the appropriate level of such payments, or enforcing a child support order, award, agreement, or judgment;

(**B**) the parentage of the consumer for the child to which the obligation relates has been established or acknowledged by the consumer in accordance with State laws under which the obligation arises (if required by those laws); and
(**C**) the consumer report will be kept confidential, will be used solely for a purpose described in subparagraph (A), and will not be used in connection with any other civil, administrative, or criminal proceeding, or for any other purpose.

(**D**) Redesignated (C)

(**5**) To an agency administering a State plan under section 654 of Title 42 for use to set an initial or modified child support award.

(**6**) To the Federal Deposit Insurance Corporation or the National Credit Union Administration as part of its preparation for its appointment or as part of its exercise of powers, as conservator, receiver, or liquidating agent for an insured depository institution or insured credit union under the Federal

-4-

Deposit Insurance Act or the Federal Credit Union Act, or other applicable Federal or State law, or in connection with the resolution or liquidation of a failed or failing insured depository institution or insured credit union, as applicable.

**(b)** ---------

**(c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer**

> **(1) In general**
> A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) in connection with any credit or insurance transaction that is not initiated by the consumer only if—
>
>> **(A)** the consumer authorizes the agency to provide such report to such person; or
>>
>> **(B)(i)** the transaction consists of a firm offer of credit or insurance;
>>
>> **(ii)** the consumer reporting agency has complied with subsection (e);
>>
>> **(iii)** there is not in effect an election by the consumer, made in accordance with subsection (e), to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and
>>
>> **(iv)** the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.

> **(2) Limits on information received under paragraph (1)(B)**

> A person may receive pursuant to paragraph (1)(B) only--

>> **(A)** the name and address of a consumer;

**(B)** an identifier that is not unique to the consumer and that is used by the person solely for the purpose of verifying the identity of the consumer; and

**(C)** other information pertaining to a consumer that does not identify the relationship or experience of the consumer with respect to a particular creditor or other entity.

### (3) Information regarding inquiries

Except as provided in section 1681g(a)(5) of this title, a consumer reporting agency shall not furnish to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer.

**(d)** ---------

**(e)** ---------

### (f) Certain use or obtaining of information prohibited

A person shall not use or obtain a consumer report for any purpose unless--

**(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

**(2)** the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

**(g)** ---------

## V.    SUMMARY OF ARGUMENT

The advent of technology has confronted our generation with new challenges. In the information age, the public is at increased risk for fraud and identity theft. Now more than ever, protecting the average citizen's privacy from exploitation is crucial.

To secure redress for these injuries, Congress enacted the Fair Credit Reporting Act, in particular 15 U.S.C. section 1681b, forbidding anyone from using or obtaining a person's consumer credit report unless such person has a permissible purpose to do so.

Despite the enactment of 15 U.S.C. section 1681b, Appellee obtained Appellant's consumer credit report on numerous occasions without any permissible purpose. As a result, Appellant filed a class action complaint against Appellee under the Fair Credit Reporting Act, alleging that Appellee invaded her right to privacy by obtaining her consumer credit report in violation of 15 U.S.C. section 1681b(f).

After Appellant filed her first amended class action complaint, Appellee filed its motion to dismiss for failure to state a claim under Rule 12(b)(6). Appellant filed her opposition and Appellee filed its reply. The district court granted Appellee's motion and dismissed Appellant's first amended class action complaint with prejudice for (1) lack of Article III standing and (2) failure to state a claim.

However, the district court erred in dismissing this case with prejudice for

lack of Article III standing and failure to state a claim.

First, the district court's reasoning for holding that Appellant lacked Article III standing is inapposite. Not to mention, the district court deprived Appellant an opportunity to address this issue when it decided to raise the issue of standing *sua sponte*, and hastily concluded that Appellant cannot satisfy the concrete injury-in-fact element.

Nevertheless, and contrary to the district court's conclusion, Appellant has Article III standing because her FAC alleges that Appellee invaded Appellant's right to privacy when Appellee obtained her consumer credit report—which consists of a myriad of private information—on numerous occasions without a permissible purpose. Appellant's invasion of privacy is a concrete injury that is intangible because it (1) has traditionally been regarded as providing a basis for a lawsuit in English or American courts and (2) it is a harm identified by Congress who has expressed an intent to make this injury redressable when it enacted 15 U.S.C. section 1681b of the Fair Credit Reporting Act.

As such, Appellant has Article III standing to bring this case.

Second, the district court also erred in dismissing this case for failure to state a claim. Under 15 U.S.C. section 1681b(f) any person who obtains a consumer credit report of a consumer, violates the statute unless it can show that it had a permissible purpose to obtain such a report under 15 U.S.C. section 1681b(a).

A closer look at the statute reveals nothing extraordinary. In order to state a claim under 15 U.S.C. section 1681b(f), Appellant need only allege that Appellee used or obtained her consumer credit report. Establishing an exception to 15 U.S.C. section 1681b(f) as provided under 15 U.S.C. section 1681b(a) turns out to be an affirmative defense which Appellee must shoulder.

In analyzing 15 U.S.C. section 1681b and applying the general rules of statutory construction, Appellee has the burden of proof because: (1) the statutory exceptions enumerated in 15 U.S.C. section 1681b(a) benefits the Appellee since it would escape liability under 15 U.S.C. section 1681b(f) if it satisfies any of the exceptions, (2) Appellee is the party with peculiar knowledge as to why it obtained Appellant's consumer credit report on numerous occasions, and (3) as a matter of policy, shifting the burden of proof to the Appellee is consistent with the remedial purpose of the Fair Credit Reporting Act.

Nevertheless, the district court held that Appellant's first amended class action complaint failed to allege sufficient facts to state a claim that Appellee impermissibly obtained Appellant's consumer credit report. In particular, the district court concluded that the burden is on the Appellant to allege Appellee's actual purpose for obtaining her consumer credit report.

However, the district court's interpretation of the statute is mistaken. All that is required to show a violation under 15 U.S.C. section 1681b(f) is that Appellee

used or obtained Appellant's consumer credit report, nothing else.

Since Appellant sufficiently alleged that Appellee obtained her consumer credit report, the burden—here, known as an affirmative defense—shifts to the Appellee to prove that it had a permissible purpose to obtain Appellant's credit report under one of the exceptions enumerated in 15 U.S.C. section 1681b(a).

Even assuming the burden of proof is on the Appellant, the first amended class action complaint sufficiently alleges that Appellee obtained her consumer credit report on numerous occasions without a permissible purpose.

As such, the district court erred in shifting the burden of proof to the Appellant and concluding that the first amended complaint failed to state a claim.

Accordingly, the judgment of the district court should be reversed and the case be remanded.

## VI.    STATEMENT OF THE CASE

On June 20, 2016, Plaintiff-Appellant Frestha Y. Nayab (hereinafter "Appellant") reviewed her Experian credit report and discovered that Defendant-Appellee Capital One Bank (USA) N.A. ("Appellee") made numerous credit inquiries (i.e. obtained her consumer credit report consisting of private financial information) to Experian, a credit reporting agency. ER 80.

On December 30, 2016, Appellant filed a class action complaint against Appellee, alleging that Appellee violated 15 U.S.C. section 1681b of the Fair Credit

Reporting Act ("FCRA") because it obtained Appellant's credit report on numerous occasions without a permissible purpose. ER 113-122.

On March 7, 2017, Appellee filed its motion to dismiss Appellant's complaint for failure to state a claim. ER 89-112. On March 17, 2017, Appellant filed her first amended class action complaint ("FAC"). ER 78-88. As a result of Appellant's filing of the FAC, the district court denied Appellee's motion to dismiss as moot. ER 76-77.

On April 3, 2017, Appellee filed a motion to dismiss pursuant to Rule 12(b)(6), alleging that Appellant's FAC fails to state a claim under the FCRA. Appellee also requested that the district court strike the class allegations in the FAC because they are "failsafe." ER 51-75.

On April 24, 2017, Appellant filed her opposition to Appellee's motion. In her opposition, Appellant argued that her FAC stated sufficient facts to state a claim under 15 U.S.C. section 1681b. ER 27-50. On May 1, 2017, Appellee filed its reply brief to Appellant's opposition. ER 12-26.

On June 23, 2017, the district court granted Appellee's motion to dismiss Appellant's FAC for lack of standing and failure to state a claim, and dismissed Appellant's case with prejudice[2]. ER 3-11. That same day, the district court entered judgment in favor of Appellee. ER 2.

---

[2] The district court did not rule on the failsafe argument and the issue is therefore not before this Court.

On July 3, 2017, Appellant filed her notice of appeal.  ER 1.

## VII.   ARGUMENT

**A.**   **The Judgment Should Be Reversed Because Contrary to the District Court's Holding, Appellant Has Article III Standing To Bring A Claim Under The FCRA**

The district court raised the Article III standing issue *sua sponte,* without giving Appellant the opportunity to address it, and concluded that Appellant lacked Article III standing because she did not identify "any concrete injury in fact" in her FAC.  ER 7.

However, as explained below, the district court erred in concluding that Appellant lacked Article III standing to bring a claim under 15 U.S.C. section 1681b(f).  Contrary to the district court's holding, Appellant has Article III standing because by obtaining her consumer credit report, which contains a myriad of private information, on numerous occasions without a permissible purpose, Appellee violated Appellant's right to privacy, which is a concrete harm.

### 1.    Applicable Law Regarding Article III Standing

To establish standing under Article III, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

The Supreme Court's decision in *Spokeo* did not change the basic requirements of standing, rather it reaffirmed the three elements required to have standing as outlined in *Lujan*. In particular, *Spokeo* addressed the requirements of the "injury-in-fact" element. *Spokeo,* 136 S. Ct. 1540.

Under *Spokeo*, the "injury-in-fact" element requires a plaintiff to show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo,* 136 S. Ct. at 1548. In other words, an injury must be (i) particularized and (ii) concrete. *Id.*

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548. For an injury to be "concrete", it must be "de facto"; that is, it must actually exist. *Id.* "When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'" *Id.*

A "concrete" injury can either be tangible or intangible. *Spokeo*, 136 S. Ct. at 1549. To determine whether an "intangible harm" exists, courts must use one of two approaches outlined in *Spokeo*. *See e.g. In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 637 (3d Cir. 2017) (acknowledging that there are two tests under *Spokeo* to determine whether an intangible injury can be "concrete.")

Under the first approach, courts must look at the history, that is, whether an

alleged intangible harm "has a *close relationship* to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 136 S. Ct. at 1549. If the answer is in the affirmative, it is most likely sufficient to satisfy the "injury-in-fact" element. *Id.; In re Horizon,* 846 F.3d at 637.

Under the <u>second approach</u>, courts must look at the judgment of Congress, who is "well positioned to identify intangible harms that meet minimum Article III requirements" because it is Congress who may "elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Spokeo*, 136 S. Ct. at 1549; *In re Horizon,* 846 F.3d at 637. In other words, under this approach, courts must determine "whether Congress has expressed an intent to make an injury redressable." *In re Horizon,* 846 F.3d at 637.

Although, a plaintiff cannot automatically satisfy "the injury-in-fact requirement whenever a statute grants a person a statutory right" (*e.g.* allege a bare procedural violation, divorced from any concrete harm), it does not mean "that the risk of real harm cannot satisfy the requirement of concreteness." *Spokeo*, 136 S. Ct. at 1549.

As the Supreme Court pointed out "[j]ust as the common law permitted suit in such instances, the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress

has identified." *Spokeo*, 136 S. Ct. at 1549.

As discussed below, Appellant's allegation that Appellee invaded her right to privacy when it obtained her consumer credit report on numerous occasions without a permissible purpose, is sufficient to satisfy both approaches under *Spokeo*.

> **2. Appellant Has Article III Standing Because an Invasion of Privacy is a Harm that has Traditionally Been Regarded as Providing a Basis for a Lawsuit in English or American Courts and, it is a Harm Identified by Congress who has Expressed an Intent to Make this Injury Redressable when it Enacted 15 U.S.C. Section 1681b of the FCRA**

Appellant has Article III standing because the FAC alleged that Appellee invaded Appellant's right to privacy when it obtained her consumer credit report on numerous occasions without a permissible purpose. ER 80, 83-84.

Without analyzing the two approaches outlined in *Spokeo*, the district court held that Appellant lacked standing because she did not satisfy the injury-in-fact element. In particular, the district concluded that Appellant's allegations that her privacy was invaded when Appellee obtained her consumer credit report on numerous occasion without a permissible purpose, does not constitute a concrete injury. ER 6-7.

However, contrary to the district court's injudicious conclusion, the invasion of Appellant's privacy is a concrete injury that is intangible because (1) it has traditionally been regarded as providing a basis for a lawsuit in English or American courts and (2) it is a harm identified by Congress who has expressed an intent to

-15-

make this injury redressable when it enacted 15 U.S.C. section 1681b of the FCRA.

### a. Invasion of Privacy is a Harm that has Traditionally Been Regarded as Providing a Basis for a Lawsuit in English or American Courts

"Violations of the right to privacy have long been actionable at common law." *Eichenberger v. ESPN, Inc.*, 2017 WL 5762817 at * 3 (9th Cir. 2017) citing *Braitberg v. Charter Commc'ns,* Inc., 836 F.3d 925, 930 (8th Cir. 2016); *also see In re Horizon,* 846 F.3d at 638.

The Supreme Court pointed out that "both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." *United States Dept. of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 763 (1989).

The Ninth Circuit too, acknowledged that "[A]ctions to remedy defendants' invasions of privacy, intrusion upon seclusion, and nuisance have long been heard by American courts, and the right of privacy is recognized by most states." *Van Patten v. Vertical Fitness Group*, 847 F.3d 1037, 1043 (9th Cir. 2017).

In other words, American courts have long recognized that "one who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other." Restatement (Second) of Torts 652A (1977); *also see* Restatement (Second) of Torts 652A (1977) Comment Section, [stating that the "existence of a right to privacy is now recognized in the great majority of the

American jurisdictions….”]; *Van Patten,* 847 F.3d at 1043.

Simply put, an invasion of privacy is a harm that has "traditionally been regarded as providing a basis for a lawsuit in English or American courts." *See Spokeo*, 136 S. Ct. at 1549; *Van Patten,* 847 F.3d at 1043.

In her FAC, Appellant alleged that she had absolutely no relationship with Appellee and that Appellee obtained her consumer credit report *without* a permissible purpose and *without* her consent, thereby obtaining her private information. ER 80-84. Accessing and obtaining a person's consumer credit report, which includes a myriad of private information, without a permissible purpose, is very similar and has a *close relationship* to the common law tort of invasion of privacy.

Since harm to an individual's privacy has been traditionally recognized in common law and regarded as a cognizable basis for suit, an invasion of privacy would be sufficiently concrete to constitute "injury-in-fact."

Accordingly, Appellant can satisfy the injury-in-fact element of standing under the first approach outlined in *Spokeo*.

> **b.** **Invasion of Privacy is a Harm Identified by Congress Who Has Expressed an Intent to Make this Injury Redressable When it Enacted 15 U.S.C. Section 1681b of the FCRA**

In addition to satisfying concreteness under the first approach, Appellant can also satisfy the concrete requirement under the second approach.

-17-

As the Supreme Court in *Spokeo* pointed out, Congress "is well positioned to identify intangible harms that meet minimum Article III requirements." *See Spokeo*, 136 S. Ct. at 1549. Congress did just that when it enacted the FCRA.

The FCRA, which is encoded in 15 U.S.C. section 1681 *et seq*., is federal legislation enacted to promote, among other things, the privacy in consumer credit reports. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52 (2007).

To be sure, one of the primary reasons Congress enacted the FCRA is to protect a consumer's privacy. *TRW Inc. v. Andrews,* 534 U.S. 19, 23 (2001) ("Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and to protect consumer privacy."); *Safeco,* 551 U.S. at 52 (holding that the FCRA was enacted to protect consumer privacy.); *Syed,* 853 F.3d at 496; *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1074 (9th Cir. 2001) ["The FCRA is intended to safeguard...*against the improper disclosure of a credit report*"]; *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995) (recognizing that the purpose of the FCRA is "to establish credit reporting practices that utilize accurate, relevant, and current information in a *confidential and responsible manner*."); *Zamora v. Valley Fed. Sav. & Loan Ass'n*, 811 F.2d 1368, 1370 (10th Cir.1987) ("By enacting the FCRA, Congress intended to prevent invasions of consumers' privacy."); *Yang v. Gov't Employees Ins. Co*., 146 F.3d 1320, 1322 (11th Cir.1998) (recognizing that the FCRA's purpose is to protect the privacy of consumers).

-18-

In enacting the FCRA, Congress identified access to a consumer's credit report as a legally cognizable harm. *See* 15 U.S.C. § 1681b(f). Indeed, Congress enacted an entire section entitled "Permissible purposes of consumer reports", *see* 15 U.S.C. section 1681b, to protect the privacy of consumers.[3] Stated differently, 15 U.S.C. section 1681b was enacted to prevent any person from obtaining a consumer report unless they have a permissible purpose.

As the Ninth Circuit explained, "A consumer whose credit report is obtained for reasons other than those listed in the statute [15 U.S.C. section 1681b] may recover actual and punitive damages and attorney's fees and costs from the user of such information." *Mone v. Dranow*, 945 F.2d 306, 307-308 (9th Cir. 1991).

In short, the FCRA, through 15 U.S.C. section 1681b, identifies a substantive right to privacy that guards against anyone trying to access a person's consumer's credit report without a permissible purpose. As a result, every violation of 15 U.S.C. section 1681b(f), "presents the precise harm and infringe[s] the same privacy interest Congress sought to protect" by enacting the FCRA. *Eichenberger*, 2017 WL 5762817 at \*3; *Van Patten*, 847 F.3d at 1043.

---

[3] It is important to note that the FCRA preempts state law claims, including common law claims for invasion of privacy, thus, it is only through the FCRA that a plaintiff may seek redress. *See e.g. Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011). Holding that a consumer has no Article III standing, eliminates any redress he or she may have.

By obtaining Appellant's consumer credit report, Appellee invaded her right to privacy—the exact type of behavior 15 U.S.C. section 1681b of the FCRA is designed to prevent. *Safeco,* 551 U.S. at 52; *Syed,* 853 F.3d 496; *Myers,* 238 F.3d at 1074.

Recent Ninth Circuit case law supports this conclusion. Earlier this year, the Ninth Circuit in *Syed*, a case which the district court in this case completely ignored, specifically stated that 15 U.S.C. section 1681b "creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." *Syed*, 853 F.3d at 499.

In *Syed*, the Ninth Circuit concluded that the plaintiff had standing under 15 U.S.C. section 1681b when the defendant-employer obtained a copy of plaintiff's consumer credit report even though plaintiff gave his consent but where the consent was obtained by an inappropriate authorization and disclosure form. The Ninth Circuit concluded that by giving plaintiff an inappropriate authorization and disclosure form, defendant-employer violated the FCRA. *Syed,* 853 F.3d at 499-500.

While *Syed* arose in the employment context, its reasoning applies in this case, especially considering the violation in this case falls under the same statute as *Syed*, *i.e*. 15 U.S.C. section 1681b, which describes when and how a consumer's credit

report may be obtained.

In fact, the circumstances in this case provide an even stronger reason for standing. In *Syed*, the plaintiff authorized the employer to access his consumer credit report yet the authorization was inadequate; here, Appellant never authorized Appellee to obtain her consumer credit report. In fact, Appellant alleged in her FAC that she had absolutely no relationship with Appellee at all. ER 81-82. Despite that, Appellee obtained her consumer credit report on numerous occasions.

Since Congress identified that obtaining a consumer credit report without a permissible purpose is an invasion of privacy, it intended to make this injury redressable when it enacted 15 U.S.C. section 1681b. Therefore, Appellant can satisfy the injury-in-fact element of standing under the second approach outlined in *Spokeo*.

Finally, in addition to violating Appellant's substantive right to privacy, Appellee also deprived Appellant of her ability to authorize the credit check, creating a concrete injury. *Syed*, 853 F.3d at 499.

Accordingly, for these reasons, Appellant has Article III standing under both approaches adopted in *Spokeo*.

### 3. The District Court's Remaining Argument that Appellant Lacked Article III Standing is Meritless

The district court also concluded that even if Appellee obtained her consumer credit report without a permissible purpose Appellant cannot demonstrate Article III

standing "'absent disclosure to a third party or an identifiable harm from the statutory violation, there is no privacy violation'" quoting *Bultemeyer v. CenturyLink, Inc.,* 2017 WL 634516, at *4 (D. Ariz. Feb. 15, 2017).[4] ER 7

In this regard, Appellant respectfully disagrees with the district court's injudicious reliance on the district court's unsound proposition in *Bultemeyer*. Neither under the FCRA nor the common law does there exist the requirement that there be a disclosure to a third party in order to show an invasion of privacy.

15 U.S.C. section 1681b(f) specifically states that any person who obtains a consumer's credit report for any purpose violates the statute **unless** it has a permissible purpose. There is no requirement under 15 U.S.C. section 1681b(f) for the private information in the consumer credit report to be disclosed to a third party in order to bring a claim. The invasion of privacy under 15 U.S.C. section 1681b(f) occurs when the consumer credit report is obtained. Nothing else is required.

Accordingly, the district court's reasoning is incorrect and must be rejected.

---

[4] To further support its position that there needs to be a disclosure to a third party, the district court cited to *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 961–62 (S.D. Cal. 2014) and *In re Google, Inc. Privacy Policy Litig.*, 2012 WL 6738343, at *5 (N.D. Cal. Dec. 28, 2012). However, these cases are inapplicable because they do not involve a violation under 15 U.S.C. section 1681b(f) under the FCRA.

**B.**    **The Judgment Should Be Reversed Because Contrary To The District Court's Holding, Appellant Sufficiently Stated A Claim Under 15 U.S.C. Section 1681b(f) Of The FCRA**

Aside from dismissing this case for lack of Article III standing, the district court also concluded that Appellant's FAC failed to allege sufficient facts to state a claim under 15 U.S.C. section 1681b(f). In particular, the district concluded that Appellant carries the burden to show whether or not Appellee had a permissible purpose to obtain Appellant's consumer credit report under 15 U.S.C. section 1681b(a). ER 8-10. As explained in detail below, the district court is mistaken.

A closer look at the statute indicates that in order to state a claim under 15 U.S.C. section 1681b(f), a plaintiff needs to only allege that a person used or obtained her consumer credit report. After a plaintiff sufficiently alleges that a person obtained her consumer credit report, the burden shifts to the defendant to prove that it had a permissible purpose under one of the exceptions enumerated in 15 U.S.C. section 1681b(a). In other words, it is the defendant's affirmative defense to show that it can seek shelter under one of the exceptions outlined in 15 U.S.C. section 1681b(a).

Here, Appellant's FAC stated sufficient facts that Appellee violated 15 U.S.C. section 1681b(f) by obtaining her consumer credit report on numerous occasions. Therefore, contrary to the district court's conclusion, it is Appellee who carries the burden to show that it had a permissible purpose to obtain Appellant's credit report

under 15 U.S.C. section 1681b(a).

### 1. Applicable Law Relating to 15 U.S.C. Section 1681b

15 U.S.C. section 1681b of the FCRA, which is entitled "Permissible purposes of consumer reports", specifically describes when a person is permitted to use or obtain a consumer report also known as a credit report. 15 U.S.C. § 1681b *et seq.*

The general rule is that "a person shall not use or obtain a consumer report for *any purpose*." 15 U.S.C. § 1681b(f). However, 15 U.S.C. section 1681b(f) carves out a list of exceptions and further states that a consumer report may be obtained if "the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section, and the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f)(1)-(2).

In short, a person is not permitted to obtain a consumer credit report for any purpose *unless* (1) it had a permissible purpose to do so as outlined in section 1681b, and (2) the purpose is certified in accordance with 15 U.S.C. section 1681e. 15 U.S.C. § 1681b(f)(1)-(2).

15 U.S.C. section 1681b(a) provides the enumerated list of all permissible purposes that permit a person to obtain a consumer report without liability[5]. If a person, who uses or obtains a consumer credit report, can establish that it met one or

---

[5] 15 U.S.C. section 1681b(a) also incorporates 15 U.S.C. section 1681b(c).

more of the permissible purposes, the person satisfies the first prong of the exception to 15 U.S.C. section 1681b(f). *See* 15 U.S.C. § 1681b(f)(1). On the other hand, if, upon obtaining a consumer credit report, the person is unable to establish that it had at least one permissible purpose, it follows that the person has violated 15 U.S.C. section 1681b(f).

Of course, another corollary follows; any person who obtains a consumer's credit report for reasons *other* than those enumerated in 15 U.S.C. section 1681b(a) violates 15 U.S.C. section 1681b(f). As a result, a person, whose consumer credit report was impermissibly obtained, is entitled to recover actual and punitive damages, as well as attorney's fees and costs. *Mone,* 945 F.2d at 307-308.

**2.    Appellant's First Amended Complaint Sufficiently Alleged that Appellee Obtained Her Credit Report on Numerous Occasions in Violation of 15 U.S.C. Section 1681b(f)**

In her FAC, Appellant alleged that Appellee obtained her consumer credit report in violation of 15 U.S.C. section 1681b(f). ER 80-81. Although additional allegations are not required to state a claim, Appellant also alleged that Appellee likely obtained her credit report without meeting any of the enumerated exceptions provided under 15 U.S.C. section 1681(b)(a). In particular, paragraphs 24 through 35 of the FAC alleged the following:

> Plaintiff did not initiate any credit transaction with Defendant as provided in 15 U.S.C. § 1681b(a)(3)(A).

> Plaintiff was not involved in any credit transaction with Defendant involving

the extension of credit to, or review or collection of an account of, the consumer as provided in 15 U.S.C. § 1681b(a)(3)(A).

Plaintiff is not aware of any collection accounts, including any accounts that were purchased or acquired by Defendant that would permit Defendant to obtain Plaintiff's credit report as provided in 15 U.S.C. § 1681b(a)(3)(A).

Plaintiff does not have any existing credit accounts that were subject to collection efforts by Defendant as provided in 15 U.S.C. § 1681b(a)(3)(A).

Plaintiff did not engage Defendant for any employment relationship as provided in 15 U.S.C. § 1681b(a)(3)(B).

Plaintiff did not engage Defendant for any insurance as provided in 15 U.S.C. § 1681b(a)(3)(C)

Plaintiff did not apply for a license or other benefit granted by a governmental instrumentality as provided in 15 U.S.C. § 1681b(a)(3)(D).

Plaintiff did not have an existing credit obligation that would permit Defendant to obtain her credit report as provided in 15 U.S.C. § 1681b(a)(3)(E).

Plaintiff did not conduct any business transaction nor incur any additional financial obligations to Defendant as provided in 15 U.S.C. § 1681b(a)(3)(F).

Plaintiff did not conduct any business transaction nor incur any additional financial obligations to Defendant as provided in 15 U.S.C. § 1681b(a)(3)(F).

Defendant's inquiry for Plaintiff's consumer report information falls outside the scope of any permissible use or access included in 15 U.S.C. section 1681b.

Therefore, Defendant violated 15 U.S.C. section 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. section 1681b.

ER 81-82.

For the purposes of a motion to dismiss, the allegations in Appellant's FAC

"must be accepted as true by the court when deciding a motion to dismiss." *Mashiri,* 845 F.3d at 988; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). Thus, a motion to dismiss cannot be granted based on the court's disbelief of a complaint's factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007). Furthermore, the facts in the FAC are construed in the light most favorable to plaintiff—here the Appellant. *Mashiri,* 845 F.3d at 988; *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1068 (9th Cir. 2002).

 Accordingly, the FAC states sufficient facts that Appellee obtained Appellant's consumer credit report on numerous occasions in violation of 15 U.S.C. section 1681b(f), and went even further by including sufficient facts that tend to demonstrate Appellee likely did so without a permissible purpose.

The only question remaining is who carries the burden to show whether or not Appellee had a permissible purpose to obtain Appellant's consumer credit report. As discussed below, this burden rests with Appellee.

### 3. The Burden of Proof is on the Appellee to Show that it Met an Exception to 15 U.S.C. section 1681b(f)

The simple act of obtaining a consumer credit report creates the cause of action under 15 U.S.C. section 1681b(f). Seeking shelter under an exception to 15 U.S.C. section 1681b(f) turns out to be an affirmative defense—needless to say, this burden rests with the person who obtained the credit report—here the Appellee.

Yet, in this case, the district court ultimately placed this burden on the Appellant. In fact, the district court rejected Appellant's argument that the burden should be on the Appellee. ER 9.

Without citing to any legal authority, the district court held that in order for Appellant to state a claim she "must allege [Appellee's] actual purpose for obtaining her credit report and not simply the legal conclusion that [Appellee's] purpose was not among those listed in section 1681b." ER 9. The district court then dismissed Appellant's FAC with prejudice, concluding that Appellant failed to state a claim. ER 9-12.

As is apparent from the order dismissing Appellant's FAC, the district court added an additional element to Appellant's burden where one did not exist. In particular, it appears the district court misinterpreted the statute to read in the negative as follows: "A person shall not use or obtain a consumer report for any [*impermissible*] purpose unless—." But 15 U.S.C. section 1681b(f) provides that "A person shall not use or obtain a consumer report for any purpose unless—." Point being, the statute does not require, as the district court suggests, that the Appellant prove Appellee's purpose was impermissible. Instead, all that is required is that the aggrieved party show that an alleged violator used or obtained a consumer report.

Here, Appellant sufficiently satisfied this burden by pleading that Appellee obtained her consumer credit report on numerous occasions. ER 80-86.

-28-

Furthermore, with respect to which party bears the burden of persuasion, it is important to note the following; while the default rule is that the plaintiff bears the burden of persuasion regarding the essential aspects of her claims, *see Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 57 (2005), it is well established that when "both a statute and its legislative history are silent on the question of the burden of proof, it is common ground that no single principle or rule solves all cases by setting forth a general test." *Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 358 (3d Cir. 2015) citing to *Schaffer,* 546 U.S. at 62. In other words, courts are required to look beyond the default rule to determine who has the burden of proof. *Id.*

Here, the district court either correctly applied the default rule to its misinterpreted version of the statute as discussed above; or incorrectly assumed the default rule—plaintiff bears the burden—applied to the exception clause of the statute, thus, in effect, negating Appellee's burden of an affirmative defense. But, because 15 U.S.C. section 1681b is silent on the question of the burden of proof, the district court was required to look beyond the default rule and judiciously analyze 15 U.S.C. section 1681b to determine which party carried the burden as to proving (1) the section 1681b(f) claim—that a person obtained a consumer credit report; and 2) whether or not a section 1681b(a) exception applied.

Appellant does not dispute that it carries the burden to show Appellee violated 15 U.S.C. section 1681b(f); and in fact, Appellant sufficiently alleged that Appellee

obtained her consumer credit report on numerous occasions. ER 80. The only issue that could possibly remain, and which likely caused the confusion for the district court, is: who carries the burden as to whether or not an exception under 15 U.S.C. section 1681b(a) applies?

In analyzing 15 U.S.C. section 1681b and applying the general rules of statutory construction, there are at least three reasons why the burden of proof is on the Appellee.

<u>First</u>, Appellee has the burden of proof because the statutory exception in 15 U.S.C. section 1681b(a) benefits the Appellee. That is, if Appellee meets an exception (i.e. Appellee having a permissible purpose to obtain Appellant's consumer credit report), Appellee would escape liability under 15 U.S.C. section 1681b(f).

<u>Second</u>, Appellee has the burden of proof because it is the party with peculiar knowledge as to why it obtained Appellant's consumer credit report on numerous occasions.

<u>Finally</u>, as a matter of policy, shifting the burden of proof to the Appellee is consistent with the remedial purpose of the FCRA.

### a. The Burden of Proof is on the Appellee Because The Statutory Exception in 15 U.S.C. section 1681b(a) Benefits the Appellee

While the Supreme Court has held that the default rule applies to "most"

disputes about burdens, *see Schaffer*, 546 U.S. at 57, the Supreme Court has also held "that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits." *Federal Trade Commission v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948).

In other words, "'[w]hen a proviso ... carves an exception out of the body of a statute or contract those who set up such exception must prove it.'" *Meacham v. Knolls Atomic Power Lab*., 554 U.S. 84, 91 (2008) quoting *Javierre v. Central Altagracia,* 217 U.S. 502, 508 (1910); *see also Federal Trade Commission v. Washington Fish & Oyster Co.*, 282 F.2d 595, 597 (9th Cir. 1960) ("the burden of proving that the exception applies is upon the one who so contends."). Simply put, when a statute provides an exception, the person benefiting from the exception bears the burden of proof. *Id*.

With this rational in mind, it likewise follows that any person who uses or obtains a consumer credit report for any purpose violates 15 U.S.C. section 1681b(f) *unless* it has a permissible purpose under 15 U.S.C. section 1681b(a) to use or obtain such a report.

Here, Appellant's FAC alleged that Appellee obtained her consumer credit report on numerous occasions in violation 15 U.S.C. section 1681b(f). Since Appellee can escape liability if it had a permissible purpose to obtain Appellant's consumer credit report under 15 U.S.C. section 1681b(a), it is Appellee who benefits

from the exception. As such, the corollary follows that the burden rests with Appellee.

Notably, Appellant's position is supported by a recent opinion from the Third Circuit. In *Evankavitch,* the Third Circuit was faced with a similar issue involving a statute under the Fair Debt Collection Practices Act ("FDCPA"). There, the court had to determine which party bore the burden of proof when a statute under the FDCPA was silent on the question of the burden of proof.

The statute at issue in *Evankavitch*—15 U.S.C. section 1692c(b)—prohibits a debt collector from communicating with third parties. Although the FDCPA statute imposes liability on debt collectors who communicate with third parties, it also provides an exception to liability. As a result, the Third Circuit reasoned that because the statute had an exception to liability which included telltale language such as the word "unless" that it was indicative of an affirmative defense. *Id*. at 362 citing to *United States v. Franchi-Forlando*, 838 F.2d 585, 591 (1st Cir. 1988) (Breyer, J.) (stating that introducing provisions with the words "unless" and "except" may indicate an affirmative defense) citing to *United States v. Barrios*, 457 F.2d 680 (9th Cir. 1970).

The Third Circuit went on and stated that "in assessing which party has the burden of proof under this rule, courts often 'focus on the relationship between the defense in question and the plaintiff's primary case,' and 'on whether a defense

raises factual or legal issues other than those put in play by the plaintiff's cause of action.'" The Third Circuit found that "[I]n the case of the FDCPA, no reference to the Act's exceptions is necessary to discern that calls to third parties in pursuit of collecting a consumer's debt are prohibited. Instead, what constitutes a violation is apparent from the plain language of § 1692c(b)." *Evankavitch,* 793 F.3d at 362-363.

The Third Circuit concluded that since the debt collector is the party benefiting from the exception, it has the burden to prove it. *Evankavitch,* 793 F.3d at 362-363 ("we find no compelling reason to reverse the 'longstanding convention' that a party seeking shelter in an exception—here, the debt collector—has the burden to prove it.") citing to *Meacham*, 554 U.S. at 91.

The statute in this case—15 U.S.C. section 1681b(f)—is similar to the statute at issue in *Evankavitch*. Like the FDCPA statute in *Evankavitch,* the statute at issue here—15 U.S.C. section 1681b(f)—uses the word "unless." It states that "[a] person shall not use or obtain a consumer report for any purpose ***unless***– (1) "the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

Since 15 U.S.C. section 1681b(f) uses the word "unless" this is further indicative that the exceptions under the statute are an affirmative defense. *Id*. at 362;

*Franchi-Forlando*, 838 F.2d at 591; *Barrios*, 457 F.2d 680.

This conclusion is further supported by the fact that Appellee is trying to seek shelter in an exception to the statute, and thus claiming its benefits.

Furthermore, no reference to the exceptions is necessary to discern that obtaining a consumer's credit report is prohibited—"A person shall not use or obtain a consumer report for any purpose ***unless*** …." Instead "what constitutes a violation is apparent from the plain language" of 15 U.S.C. section 1681b(f). *Evankavitch,* 793 F.3d at 362-363.

For these reasons, the burden of proof is on the Appellee.

> **b.** **The Burden of Proof is on the Appellee Because it is the Party With Peculiar Knowledge as to Why it Obtained Appellant's Credit Reports**

Another reason why Appellee carries the burden of proof is because it is the party with peculiar knowledge as to why it obtained Appellant's consumer credit report on numerous occasions.

It is well established that "where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue." *Dixon v. United States*, 548 U.S. 1, 9 (2006) (internal quotation marks omitted); *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 494 fn. 17 (2004) ("Among other considerations, allocations of burdens of production and persuasion may depend on which party—plaintiff or defendant, petitioner or respondent—has made the

'affirmative allegation' or 'presumably has peculiar means of knowledge.'"); *United States v. Cortez-Rivera*, 454 F.3d 1038, 1042 (9th Cir. 2006) ("Burdens are generally placed on the party who is in the best position to present the evidence."); *Evankavitch,* 793 F.3d at 365-366 (placing the burden of proof on the party with particular knowledge of the relevant facts); *United States v. Cont'l Ins. Co.,* 776 F.2d 962, 964 (11th Cir. 1985) ("[we adhere] to the common law guide that the party in the best position to present the requisite evidence should bear the burden of proof"); *Nat'l Commc'ns Ass'n Inc. v. AT&T Corp*., 238 F.3d 124, 130 (2d Cir. 2001) (noting that "all else being equal, the burden is better placed on the party with easier access to relevant information"); *Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012) (stating that "courts have placed the burden of proof on the party in the best position to prove its case.").

In this case, Appellant has pled all information reasonably available to her in claiming the particular FCRA violation. Appellant specifically alleges that Appellee obtained her consumer credit report on numerous occasions. Appellant then specifically alleges that she had absolutely no relationship of the kinds enumerated as exceptions to liability in 15 U.S.C. section 1681b(a). ER 81-82.

It is important to note that Appellant has no practical means to prove why or for what purpose Appellee obtained her consumer credit reports. At the pleading stage, all Appellant knows is that Appellee obtained her consumer credit report on

numerous occasions when there was absolutely no relationship of the kinds enumerated in 15 U.S.C. section 1681b(a). Again, as pointed out above, this is enough to state a claim under 15 U.S.C. section 1681b(f).

Why, or for what purpose, Appellee obtained Appellant's consumer credit reports lies peculiarly in the knowledge of Appellee. In other words, since Appellee obtained Appellant's credit reports, it knows, or should know, the reason(s) why it obtained them. Without discovery and without looking at Appellee's internal records, Appellant cannot ascertain the reason(s) Appellee obtained her consumer credit report, nor is it reasonable to expect Appellant to know.

In fact, if one adopts the district court's reasoning that a complaint must allege the offender's (here Appellee's) purpose for obtaining a consumer credit report, every case would likely be dismissed on a 12(b)(6) motion since a consumer would never be able to bring a claim under 15 U.S.C. section 1681b(f) because the reason why a consumer report was obtained lies peculiarly in the knowledge of the offending party, which is information that generally cannot be obtained at the pleading stage.

Accordingly, because the purpose behind obtaining a consumer credit report is within the peculiar knowledge and possession of the party who obtained the report—here, Appellee—it is this party that must shoulder the burden in the form of an affirmative defense.

### c.     Allocating the Burden of Proof to the Appellee Is Consistent with the FCRA's Remedial Purpose

Courts also look at the policy consideration of the statute at issue to determine who bears the burden of proof.  *Evankavitch*, 793 F.3d 367; *Nat'l Commc'ns Ass'n Inc.,* 238 F.3d at 131; *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987).

As indicated above, one of the main purposes Congress enacted the FCRA, which includes the statute at issue—15 U.S.C. section 1681b—is to protect the privacy of consumers.  *TRW Inc.,* 534 U.S. at 23; *Safeco,* 551 U.S. at 52.

15 U.S.C. section 1681b(f) makes it clear that any person who obtains credit report of a consumer violates the FCRA and is liable for actual damages, punitive damages, attorney's fees and costs, unless that person can show that it had a permissible purpose to use or obtain the person's credit report.  *Mone,* 945 F.2d at 307-308.

Shifting the burden of proof to Appellant to show Appellee's actual purpose for obtaining her consumer credit reports would mean that consumers like Appellant would have their privacy invaded with no means of proving a FCRA violation because it would be impossible to show Appellee's actual purpose of the obtaining a consumer credit report without discovery at the pleading stage.  This would run contrary to the theory that "all else…..being equal, courts should avoid requiring a party to shoulder the more difficult task of proving a negative." *Evankavitch*, 793

-37-

F.3d 367 quoting *Nat'l Commc'ns Ass'n Inc.,* 238 F.3d at 131.

This would also be inconsistent with the FCRA's remedial purpose and the duty to construe it liberally in favor of the consumer. *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 (9th Cir.1985) (holding that the FCRA is construed liberally.); *Guimond,* 45 F.3d at 1333 ("These consumer oriented objectives support a liberal construction of the FCRA").

Accordingly, allocating the burden to the consumer would be inconsistent with the FCRA's remedial purpose and the court's duty to construe it liberally in favor of the consumer. *See Evankavitch*, 793 F.3d 367. Therefore, the burden must be placed where it belongs: on the Appellee. *Id.*

For these reasons, Appellee bears the burden to prove an affirmative defense, should it claim one to exist.

### 4. To the Extent the Burden of Proof is on Appellant to Show that Appellee Used or Obtained Her Credit Report for an Impermissible Purpose, Appellant Satisfied this Burden

As indicated in detail above, the simple act of obtaining a consumer credit report creates the cause of action under 15 U.S.C. section 1681b(f). However, in the event this Court determine that the burden of proof is on Appellant to show that Appellee used or obtained the consumer credit report for an impermissible purpose, Appellant still satisfied this burden.

As pointed out above, paragraphs 24 through 35 of Appellant's FAC

sufficiently alleges that Appellee obtained her consumer credit report on numerous without a permissible purpose. ER 81-82.

Keeping in mind that the allegations in Appellant's FAC "must be accepted as true by the court when deciding a motion to dismiss" as well as construing the facts in the FAC in the light most favorable to Appellant, the FAC sufficiently stated a claim. *Mashiri,* 845 F.3d at 988.

Accordingly, the district court erred in dismissing Appellant's FAC for failure to state a claim.

## VIII. CONCLUSION

For the reasons stated above, Appellant not only has Article III standing to bring this case, but her FAC sufficiently alleged that Appellee violated 15 U.S.C. section 1681b(f) by pulling her consumer credit report on numerous occasions without any permissible purpose to do so.

Accordingly, Appellant respectfully requests that the Judgment below be REVERSED and the case be remanded.

Respectfully submitted,

Dated:  January 10, 2018
MASHIRI LAW FIRM
A Professional Corporation

By: s/ Alex Asil Mashiri
Alex Asil Mashiri, Esq.

DATED: January 10, 2018          **THE JAMI LAW FIRM, APC**

By: /s/ Tamim Jami
Tamim Jami, Esq.

## IX.   STATEMENT OF RELATED CASES

The undersigned counsel declares under Circuit Rule 28-2.6, that there are no known related cases pending in this Court.

## X.   CERTIFICATE OF COMPLIANCE

I Certify pursuant to Fed. R. App. P. 32a(7)(B) and Ninth Circuit Rule 32-1 that Appellant's Opening Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(5)-(6) as it is proportionally spaced, has a typeface of 14 points, and contains 9319 words including footnotes based on Microsoft Word. The portions excluded from the word count are sections IX and X as well as the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Dated: January 10, 2018              **MASHIRI LAW FIRM**
                                     A Professional Corporation

                                     By: /s/ Alex Asil Mashiri
                                     Alex Asil Mashiri, Esq.

9th Circuit Case Number(s) | 17-55944

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | 01-10-18 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s Alex Asil Mashiri

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |